May it please the court. I'm Thomas Hester for Appellant Ron Culley. At his rape shield hearing in the underlying trial, he was not only not present, but he didn't even know that it was occurring when it occurred. It's now real clear whether he was not present for the entire hearing, right? It is. I mean, the record as to the argument that subsequently follows, it is ambiguous, I suppose, yes. It's very clear that as to the sort of factual development, he was not present. And I don't think there's any dispute that this was a critical stage in his trial. But the issue arises now through the lens of ineffective assistance of trial counsel for not objecting to his exclusion. And so I suggest that it distills really to the issue of whether there's a reasonable likelihood that his attendance would have altered the outcome of the trial. Which is really the prejudice prong, isn't it? I believe so. And that's, of course, where the district court focused as well. I think in addressing that, it's important to note how the allegations in this case arise. They're allegations from his stepdaughter, who is at that point an adult, having just graduated from high school. And she's in some pretty intensive counseling over drug and alcohol problems. I think what is one of the strangest aspects of this is how the actual allegations of abuse that are at issue here, allegations that three of her uncles and her brother also forcibly raped her, and that the uncles then subsequently participated in that gang rape as well, all appear to arise in her grand jury testimony. They aren't reflected in the earlier proceedings. At the rape shield hearing, defense counsel indicates to the judge, most of what I'm going to be questioning her about comes from the prosecutor's notes at the grand jury, because in Oregon, grand jury proceedings are not transcribed. And I think that's salient both in terms of getting a handle on why the factual development is a little bit peculiar, and also in addressing the state's claim that this is collateral extrinsic evidence, when, in fact, at the indictment stage in this case, the state was putting this evidence before the grand jury. The sworn testimony that we have, because the grand jury was not transcribed, comes from the rape shield hearing, where clearly Mr. Culley was not present. And there are a number of inconsistencies. The briefing by the state focuses primarily on the gang rape allegation, but there are other allegations that are discussed there, the allegations against Don Culley going back to 1981, and then allegations against two other uncles, Hal and Butch Culley, which include a forceful rape, but also an allegation that her brother, Robbie, also raped her in 1988 on, I believe it was New Year's Day or New Year's Eve. And that allegation is, I think, interesting because it appears to be supported by, or that Sharon Culley was told about that, and that was one of the things that seems to be quite clear in the notes from the prosecutor, which are not a part of our record and were not introduced in the state courts, but I would, in reviewing the excerpt of record at 338, at the very close of Monica Culley's testimony at the rape shield hearing, the prosecutor says to her on redirect, I want you to, or perhaps it's cross-examination actually in the proceeding, I want you to think real hard, you gave maybe an answer before that maybe you said something, but do you remember ever telling your mom that you had intercourse with your brother Robert on New Year's Eve in 1988? And she answers, no, that had been questioned by defense counsel earlier, and it seems quite clear that at the grand jury she said that that had happened. There is no other references to that in the case other than in this litigation. Similarly... Could you pull the big picture together for me? I understand the grievance being focused, it's offered up in terms of ineffective assistance of counsel, but it's focused on counsel's letting the rape shield hearing proceed without defendant being present. And yet he subsequently was present at his trial, had opportunities to confer with counsel prior to trial, and it's at the trial that the prejudice would necessarily have occurred. What is it that his absence at the rape shield hearing caused his trial to turn out to be defective and how was he prejudiced as a result? Let me try to do that, cutting to the chase. The jury hears, first of all, this trial, the evidence is Monica Kelly's testimony. That really is the evidence. We all see that. The jury hears some fairly fabulous things from her that probably can't be true in terms of her drug dealing and her alcohol consumption, clearly pretty grossly exaggerated. It's a remarkable story. Yes, but in terms of the allegations of sexual stuff, all that they hear are the allegations against her, stepdad, my client, and they hear her say, oh, and I told a couple of lies about having sex with boys to my dad and I just said that to try to get him to leave me alone because I was so angry. She, I think, refers to him as dad rather than stepdad at that point. But that's all they hear. Now, it's very clear simply from her testimony at the rape shield hearing. She denies any rape by Don Culley ever. She says the prosecutor must have just been confused about that because we're talking about all of my uncles at once. That didn't happen. She initially says Hal Culley and Butch Culley raped me one time at particular dates, one in Idaho, one in Baker City. By the way, what was the outcome of the rape shield hearing? All these things could come in? No. What was the actual outcome in this case? None of these things. Of the rape shield hearing. The outcome of the rape shield hearing was that none of those things could come in but that the two allegations she acknowledged were false, were she falsely accused boyfriends, not of rape or anything, but just said I had sex with these kids. So everything about forcible rapes, some of which are, in her own testimony, they're just grossly contradictory and some versions must be false. So if he were there, do you think the judge would have changed his ruling? If he were there, I think it's very clear from his deposition testimony that he would have insisted on trying to proffer his brother's testimony. No, if he were at the rape shield hearing. Yes, that is what I mean, at the rape shield hearing, because he didn't know it was occurring. He didn't know about it. What he says in his deposition testimony, I think is a focus of your question perhaps, is at trial she should have called these guys and on appeal my lawyer should have raised issues about the rape shield hearing. But the gravamen of that is he wanted these people called. He's not savvy in the law. He doesn't know that it's a prerequisite to calling them for that purpose, that the rape shield hearing include that, although by the time he gets to state post-conviction, he's couched that claim with counsel's help in that way. What is the purpose of a rape shield hearing? The rape shield hearing purpose is to screen what evidence goes before a jury so that you don't have a trial that is basically putting the punitive victim on trial for her past acts. All right. And I didn't get your response to Judge Tashima's question. What was the result of that hearing as to whether those matters concerning this victim could be brought out? The result was that they were excluded or precluded. Counsel could not bring them up, although counsel could. What was precluded? Evidence of the rape allegation against Brother Robbie and against the three different brothers as well as the gang rape allegation. But why would the rape allegation against your brother be precluded? If she testifies at the rape shield hearing, it didn't happen. I don't understand how the rape shield law would prevent evidence that demonstrates that she's lying. Well, and I should more fully answer your question in just a second. I will try to get to that. It's significant that the lawyer at the rape shield hearing, she argued these are constitutionally mandated. At some point she argued if they're false, they come in. But her real argument where she focused was these allegations are true and they go to showing bias. So she had, I think, a wrong theory and a theory that Mr. Culley certainly would not have embraced had he been there. Now, I'm sorry, I lost your question. I'm focusing on, okay, at the rape shield hearing, she testifies this thing with Robbie didn't happen. If the attack is not on whether she was promiscuous or whatever, but on the veracity of her testimony, why would that evidence be precluded at the trial? Well, the judge said that it was when, in another context, defense counsel tried to get into things to make an offer of proof as to Sharon Culley. And the judge says, and she was going for falsity there and proving that. The judge said that was all covered by my 412 hearing. I think that Oregon law is such that you should raise that in a 412 hearing and it comes in under sort of the LeClaire theory that a false allegation of sexual abuse does come in. Now, I don't know that it's analytically so clear that it should come under 412, but in this case it was certainly within the coverage of that. I believe it's at 340 to 344 of the excerpt of record where that colloquy with trial counsel comes in. But it was precluded through that process in this case. And the judge had said to counsel, you know, you can relitigate this at trial when things come up, but then shut her down when she attempted to, and that's what I'm referencing there. I guess I would just close by saying that in this case, the rape shield hearing was really the fundamental importance because it framed what happened and the jury missed a huge picture in not being able to see that this girl had made some sworn false statements about forcible rapes by others. And where the jury was non-unanimous in this case with what it did here, there's a reasonable likelihood that would have altered the outcome of the trial. Thank you. Thank you for your argument. We'll hear from the state. May it please the Court. Excuse me. Kathleen Segla representing Apelli Robert Lampert. I think the briefs make this case look a lot more complicated than it is and a lot more factually dense than it needs to be. The real issue in this case is did the attorney provide inadequate representation when she did not take steps to ensure the petitioner be present at the 412 hearing? There's no question but that he was not there when the testimony was given. The first day. Pardon me? The first day. Exactly. There's a question about the second day. When the victim was testifying, we don't contest that. He was not there. I can't tell from looking at the transcript whether he was there for the arguments, but his point is he needed to be there when she testified. So we aren't really disputing any of that. But the bottom line for this whole case, and the heart of our argument is at pages 23 to 28 of the red brief, and his whole theory is if only I had been there, if my attorney had done the right thing and had me there, I could have done something to show that the victim was lying when she said these things. And the whole case hinges on that. And that's the piece that Petitioner never proved when he came into state post-conviction proceedings. He never presented any evidence whatsoever that, in fact, the victim lied about any of these things. And so that's really the heart of the defense. He just never proved prejudice. Even if we assume that the attorney screwed up by not doing something to make sure that he was there, we don't have any evidence that she did not tell the truth. Well, did he try to prove it at the post-conviction hearing? No. We've included the complete absence of evidence on that issue. Yes. Because at the time that his deposition was taken, this claim was not even in his amended petition. He amended his petition after his deposition was taken. So he had given no testimony about this claim that his attorney didn't make sure that he was there and what he would have done differently. He talked about it in terms of other claims that were in the case at that point. After he amended his petition to add this claim, he did not produce an affidavit. His theory is she was lying. Not even affidavit by others. Exactly. That's where I'm getting to. His theory is that she was lying about this gang rape with Petitioner and the two brothers. We have no affidavits from the two brothers saying this never happened. At trial, the attorney tried to get in. She said, well, I have his wife here. She can testify that there was never a time that the three brothers were at this location at the same time. Well, we don't have an affidavit from the wife in the post-conviction saying this is what I could have said to show that this is not true. So the whole thing, we have all of this discussion about what did she say, how did this happen, what were the facts, but the whole thing boils down to his theory is if I had been there, I would have made my lawyer show that she was lying, and we don't have any evidence that she was lying. So he simply never proved prejudice in the post-conviction. The state post-conviction court was right. The district court was right. If there are no questions, that's really all I have to say. Thank you. Can I have 30 seconds to promote? 30 seconds you can have. Thank you. I would just note, first of all, that what was in the post-conviction court, his deposition at 940 to 943 of the ER about not calling the brothers at 954 to 956, about appellate counsel not raising the 412 issue because it wasn't developed more, the excerpt of record about the proffer by counsel of what Sharon Culley would have testified to at 740 and 744, and the prosecutor's statement at the rape shield hearing about what was in the grand jury notes at 388, are all evidence of what should have happened differently, and that evidence was unrebutted. The state did not address this issue or answer it with any evidence, including the affidavit obtained from trial counsel. We thank both of you for your arguments. The case just argued is submitted, and we move to the next case, which is Washington v. Lampert. Thank you.
judges: Hug, Tashima, Clifton